IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Jordan Mitchelmore**, | CASE NO. 4:25-cv-3580 |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | CLASS ACTION COMPLAINT |
| **The Methodist Hospital, d/b/a Houston Methodist**, | |
| Defendant | |

## INTRODUCTION

1. The Telephone Consumer Protection Act (TCPA) prohibits prerecorded calls without consent. 47 U.S.C. § 227(b).

2. The Methodist Hospital, d/b/a Houston Methodist, has violated the TCPA by calling Mitchelmore, and thousands of others like him, with prerecorded debt collection calls.

3. But Mitchelmore has no debt, nor account, with Houston Methodist.

4. Rather, Houston Methodist regularly robocalls the wrong person because phone numbers are frequently disconnected and reassigned to new consumers.

5. The FCC explained that "unwanted calls to reassigned numbers are a significant problem" and "a nuisance to those who receive them." *In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 FCC Rcd 12024, 12027 (F.C.C. December 13, 2018).

6. In 2018, the FCC solved this problem by creating the Reassigned Number Database (RND), a tool that lets callers check whether a phone number has been disconnected. *Id*.

7. Had Houston Methodist used the RND, it would have learned that 832-588-6427—Mitchelmore's number—had been disconnected from its prior user and not to call.

8. The TCPA even provides an affirmative defense for those who check the RND but mistakenly call the wrong person. 47 C.F.R. § 64.1200(m).

1

9. Houston Methodist did not bother.

10. Instead, Houston Methodist, which does $3 billion in revenue annually, chose robocalls over responsibility—ignoring a simple fix and flooding consumers with illegal calls.

11. Houston Methodist's conduct is not only unlawful, it is inexcusable.

12. To stop Houston Methodist's illegal calls, Mitchelmore brings this putative class action.

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

15. This Court has personal jurisdiction over Houston Methodist because Houston Methodist knew that its calls were targeted at, and likely to be received in, Texas. Mitchelmore's phone number starts with 832, which is an area code for Houston, Texas. Also, Houston Methodist was attempting to reach someone by the name of J*** H***, which online directories show has a Texas address. Houston Methodist almost certainly had a Texas address on file for the person it was trying to reach.

## PARTIES

16. Jordan Mitchelmore is a resident of Missouri City, Texas.

17. The Methodist Hospital is a Texas non-profit corporation.

## FACTUAL ALLEGATIONS

18. Mitchelmore is the subscriber and sole user of the cellular number 832-588-6427.

19. In the last year, Houston Methodist has called 832-588-6427.

20. On November 19, 2024, at 5:32 PM UTC, Houston Methodist called 832-588-6427 from 832-460-7422.

21. On this call, Houston Methodist played a robotic or computerized audio message.[1]

---

[1] The call is [accessible here](accessible here).

2

22. The robotic or computerized audio message that Houston Methodist played said: "This is Houston Methodist Hospital calling for J****** H********. Please ask J****** to call us at 1-844-755-1418. Representatives are available Monday through Friday 7:00 am to 7:00 pm central time and our automated system is available 24 hours a day. When calling please use reference number 452311. Again, this is Houston Methodist Hospital calling for J****** H********. Please ask J****** to call us at 1-844-755-1418. Representatives are available Monday through Friday 7:00 am to 7:00 pm central time and our automated system is available 24 hours a day. When calling please use reference number 452311. Thank you and goodbye."

23. The call was clearly not a live person or real person speaking. In addition to the voice being robotic, it started playing well before Mitchelmore's greeting was complete. This is not something a live person would do.

24. Mitchelmore has also received other calls from Houston Methodist in addition to the one on November 19, 2024.

25. Mitchelmore never provided his phone number to Houston Methodist, never had a relationship with Houston Methodist, and never gave permission for Houston Methodist to send any type of communication.

26. Houston Methodist's calls to Mitchelmore did not have an emergency purpose.

27. Houston Methodist's prerecorded calls are a nuisance and annoyance to Mitchelmore. The calls have invaded his privacy and home.

## THE REASSIGNED NUMBER DATABASE

28. Houston Methodist was attempting to reach J.H.—the prior user of the phone number 832-588-6427—to collect a debt.

29. But 832-588-6427 had been disconnected and reassigned to Mitchelmore.

30. In 2018, the FCC solved this problem when it authorized the creation of the RND. *See generally In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 FCC Rcd 12024 (F.C.C. December 13, 2018).

31. The RND is a comprehensive database of all phone numbers that have been disconnected since January 27, 2021. *Frequently Asked Questions*, reassigned.us/resources/faq, last accessed July 17, 2025.

32. Each month, all phone carriers report to the RND its disconnected numbers. *Id*.

33. The RND currently has over 361 million disconnected numbers. *Id*.

34. Before making calls, Houston Methodist can query the RND to see if any particular number has been disconnected since January 27, 2021. *Id*.

35. Had Houston Methodist queried the RND, it would have known not to call 832-588-6427.

36. On the site www.Reassigned.us, after creating an account, companies see this input:



37. There are two data inputs: a phone number and a date.

38. The phone number is the number to be checked.

39. The date is when the company received the number from the consumer.

40. Assume, for example, Houston Methodist obtained the number 832-588-6427 from J.H. on January 1, 2023.

4

41. Before calling, Houston Methodist could run this query:

| Telephone Number * | Date * | Company ID |
|---|---|---|
| 8325886427 | 01/01/2023 | |

[Clear] [Search]

42. That query returns this result:

**Query Results**

| Telephone Number | Date Provided | Response |
|---|---|---|
| 8325886427 | 01/01/2023 | yes |

43. The "yes" response indicates that 832-588-6427 has been disconnected sometime between January 1, 2023, and the date of the query (which in this example was July 17, 2025). Because the number has been disconnected, Houston Methodist should not make any prerecorded calls.

44. Alternatively, assume Houston Methodist obtained the number 832-588-6427 from J.H. on July 1, 2023. That query returns this result:

| Telephone Number | Date Provided | Response |
|---|---|---|
| 8325886427 | 07/01/2023 | no |

45. The "no" response indicates the number 832-588-6427 has not been disconnected anytime between July 1, 2023, and the date of the query (which in this example was July 17, 2025). Because the number has not been disconnected, Houston Methodist can safely call.

46. This RND query can be done manually on the RND website or coded to run programmatically within Houston Methodist's existing system.

47. It is that simple. There is nothing more Houston Methodist needed to do.

48. Houston Methodist did not check the RND before calling 832-588-6427.

49. Had Houston Methodist checked the RND before calling 832-588-6427, it would have known not to call 832-588-6427.

## CLASS ACTION ALLEGATIONS

50. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Mitchelmore brings this action on behalf of all other persons similarly situated throughout the United States.

51. Mitchelmore proposes the following class:

**The Prerecorded Voice Class**
All persons in the United States (1) to whom Houston Methodist initiated, or caused to be initiated, a call (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a customer or account holder of Houston Methodist, (3) in connection with which Houston Methodist used, or caused to be used, an artificial or prerecorded voice, (4) within the four years from the filing of this action through the date of class certification.

52. The class likely exceeds 10,000 members.

53. As a result, joinder is impracticable.

54. On information and belief, last year Houston Methodist made more than one million debt collection calls that played a recorded message or audio file.

55. On information and belief, Houston Methodist has records with annotations, notes, codes, or similar designation that indicate Houston Methodist called the wrong number or wrong person.

56. On information and belief, in the last four years, Houston Methodist has made calls that played a recorded message or audio file to people who told Houston Methodist—whether before, during, or after the call—that it was calling the wrong person.

57. Questions of law and fact common to the class include whether Houston Methodist initiated the calls, whether the calls used a prerecorded or artificial voice, whether the calls were to cellular telephones, whether Houston Methodist checked the RND before calling, and whether Houston Methodist had consent to initiate the calls.

58. Mitchelmore's claims are typical of the class because they arise out of the same conduct by Houston Methodist (prerecorded calls to non-account holders) and are based on the same legal theory under the TCPA (prerecorded calls without consent).

59. Mitchelmore is an adequate representative because his interests do not conflict with the class, and he will fairly represent the interest of the class. Plaintiff's counsel also has no conflict and is experienced in TCPA class actions.

60. The questions common to the class predominate over individualized questions.

61. A class is superior to individual suits because it saves judicial resources, promotes consistency and efficiency, provides a forum for small claimants, and deters illegal activities. Class members prosecuting separate actions is unlikely because of the time and expense required. Damages are statutory and straightforward. Notice can be provided by mail or other means. There is no difficulty in managing this case as a class.

### FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
### (On Behalf of Mitchelmore and the Prerecorded Voice Class)

62. Houston Methodist violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or causing to be initiated, calls using a prerecorded or artificial voice without prior express consent and without an emergency purpose when calling Mitchelmore and members of the Prerecorded Voice Class.

63. Mitchelmore and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

64. The court should treble damages for knowing and willful violations. *Id.*

### RELIEF REQUESTED

Mitchelmore respectfully requests the Court grant the following relief:

A. Certification of the proposed class;

B. Appointment of Mitchelmore as class representative;

C. Appointment of The HQ Firm, P.C. as lead counsel for the class;

D. An award of damages to Mitchelmore and class members, as allowed by law;

E.  An award of fees, costs, and interest, as allowed by law; and

F.  Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Mitchelmore requests a jury trial as to all claims so triable.

Dated: August 1, 2025                                Respectfully submitted,

*/s/ Karissa Murphy*
Karissa Muphy
Attorney-in-charge
Arizona Bar No. 038383
S.D. Texas Bar No. 3929022
The HQ Firm, P.C.
7533 S. Center View Ct. #4424
West Jordan, UT 84084
385-440-4123 (no fax number)
karissa.murphy@thehqfirm.com